441 S.E.2d 367

**Giles JONES, Appellant,**

v.

**MONROE COUNTY BOARD OF EDUCATION, Appellee.**

**No. 21718.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 25, 1994.

Decided Feb. 17, 1994.

Charles R. Garten, Charleston, for appellant.

Debra L. Dalton, Monroe County Pros. Atty., Union, for appellee.

NEELY, Justice:

Giles Jones appeals an order of the hearing examiner for the West Virginia Education and State Employees Grievance Board that denied a grievance filed by Mr. Jones, challenging the refusal of the appellee, Monroe County Board of Education ("the Board"), to place him in the position of director of curriculum and instruction. Mr. Jones alleged that despite qualifications superior to and experience and seniority greater than the successful applicant, he was denied the job due to his stated position on school consolidation.

The Board admitted through its superintendent of schools at the hearing conducted before the hearing examiner for the West Virginia Education and State Employees Grievance Board that Mr. Jones did not get the job because he had actively opposed consolidation. The hearing examiner upheld the Board's denial.

This matter then was appealed to the Circuit Court of Kanawha County where the circuit court affirmed the decision of the hearing examiner for the West Virginia Education and State Employees Grievance Board and denied the relief sought by Mr. Jones. We granted this appeal to determine whether any violation of the seniority provisions governing the hiring and tenure of central office administrative personnel had been violated and to determine whether there had been any violation of appellant's First Amendment rights. We find that the Board neither violated any statute nor Mr. Jones' First Amendment rights; therefore, we affirm.

In 1976 Mr. Jones was awarded a doctorate in educational administration as well as a cognate in mathematics from Virginia Polytechnic Institute (VPI). The successful applicant for the position of director of curriculum and instruction, Mr. Tom Williams, received a doctorate in educational administration from VPI in 1987.

Mr. Jones served as assistant principal and mathematics teacher at Peterstown High School from 1969 until 1974. From 1974 through 1976, Mr. Jones taught in the Monroe County school system. From 1976 until June 1989, when he applied for the position of director of curriculum and instruction, Mr. Jones was principal at Union High School.

The successful applicant, Mr. Williams, was a classroom science teacher from 1967 until 1982 in Greenbrier County. Mr. Williams had no teaching or administrative experience in Monroe County nor had he acquired any seniority in that County. He has not been employed by any public school system since 1982. Mr. Williams gained administrative experience in the community college in Lewisburg.

Mr. Jones does not claim that either his years of teaching in the Monroe County school system, his doctorate awarded roughly 11 years before Mr. Williams received his doctorate, or his experience as a principal entitled him to preference under any school personnel seniority statute. Under *W.Va.*

*Code* 18A–4–7a [1990], in hiring an assistant superintendent of schools for curriculum and instruction, seniority is not a required consideration, nor does the date that respective doctorates were awarded create any order of precedence among competing candidates.[1]

■ Mr. Jones' position is, therefore, extraordinarily simple: Mr. Jones maintains that when his credentials are evaluated vis-à-vis the successful candidate, he is clearly superior; therefore, he was denied the position exclusively because of his stated position on consolidation. The denial, Mr. Jones maintains, is a violation of Mr. Jones' First Amendment rights.

■ We disagree. All of the landmark cases that protect government employees from adverse personnel decisions because of stated opinions on public issues involve either firings or demotions.[2] In the case before us, Mr. Jones was not *hired* into a job that he sought because the superintendent believed that his stated position on consolidation would undermine the Board's united front in implementing an admittedly controversial consolidation plan. *Pell v. Board of Educ. of Monroe County,* 188 W.Va. 718, 426 S.E.2d 510 (1992). In general, the higher the governmental position to which a candidate for employment aspires in terms of its policy-making authority, the more legitimate the candidate's positions on public issues become as criteria for employment.[3] Certainly, no one would argue that it is incumbent upon a right-wing Republican United States Senator to consider for the job of her administrative assistant left-wing Democrats, or that a governor committed to single-payer health insurance need hire former presidents of the American Medical Association for the job of secretary of health and human resources.

In the case before us, Mr. Jones was not fired, demoted or penalized because he expressed an opinion about a controversial public matter—namely, school consolidation. Rather, he was not hired to do a job where his whole-hearted and enthusiastic cooperation in the implementation of a consolidation that had already been decided upon was, at least, arguably, an essential ingredient. Although it is difficult to formulate an exact, bright line rule that concisely differentiates those circumstances where an employee's job has so little to do with his or her stated political views that personnel action based upon political views is a violation of First Amendment rights and those circumstances where job performance and political views go hand-in-hand, we can state confidently that in the case before us, it was entirely appropriate for the superintendent and the board to take the appellant's position on consolidation into consideration in determining whether to hire him as an assistant superintendent of schools.

Accordingly, for the reasons set for above, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

---

1. *W.Va.Code* 18A–4–7a [1990] provides that in judging qualifications of professional personnel other than teachers, the county board of education shall give consideration to the following factors:

   Appropriate certification and/or licensure; amount of experience relevant to the position ...; the amount of course work and/or degree level in the relevant field and degree level generally; academic achievement; relevant specialized training; past performance evaluations ... and other measures or indicators upon which the relative qualifications of the applicant may fairly be judged.

2. *See Rankin v. McPherson,* 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987), *rehearing denied,* 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 819 (1987); *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *McKinley v. City of Eloy,* 705 F.2d 1110 (9th Cir.1983); *American Postal Workers Union v. United States Postal Service,* 830 F.2d 294 (D.C.Cir.1987).

3. *See Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Jimenez Fuentes v. Torres Gaztambide,* 807 F.2d 236 (1st Circ.1986) (en banc); *Shondel v. McDermott,* 775 F.2d 859, 864 (7th Circ.1985); *Nekolny v. Painter,* 653 F.2d 1164 (7th Circ.1981); *Vazquez Rios v. Hernandez Colon,* 819 F.2d 319 (1st Cir.1987); *Illinois State Employees Union, Council 34, Etc. v. Lewis,* 473 F.2d 561 (7th Circ.1972); *Breuer v. Hart,* 909 F.2d 1035 (7th Cir.1990); *Stott v. Haworth,* 916 F.2d 134 (4th Cir.1990).